Mark D. Mailman, Esquire
Erin A. Novak, Esquire
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM FESNIAK, Sr.** ) | |
| ) | **CIVIL ACTION FILE** |
| **Plaintiff,** ) | |
| ) | **NO. _____** |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **EQUIFAX MORTGAGE SERVICES** ) | |
| **LLC** ) | **COMPLAINT** |
| **and** ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.** ) | |
| **and** ) | |
| **CORELOGIC CREDCO, LLC** ) | |
| **and** ) | |
| **CREDIT PLUS, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer William

Fesniak, Sr. against Equifax Mortgage Services LLC, Experian Information Solutions, Inc.,

Corelogic Credco, LLC and Credit Plus, Inc. and for violations of the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. §§ 1681, *et seq.,* as amended.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§1331, 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff William Fesniak, Sr. is an individual who resides in Apex, NC.

5.      Defendant Equifax Mortgage Services LLC ("EMS") is a consumer reporting agency and a reseller of credit information that regularly conducts business in the District of New Jersey and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, NJ.

6.      Defendant, Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the District of New Jersey and which has a principal place of business located at 5 Century Drive, Parsippany, NJ.

7.      Defendant, CoreLogic Credco, LLC ("Credco") is a consumer reporting agency and a reseller of credit information that regularly conducts business in the District of New Jersey, and which has a principal place of business located at 12395 First American Way, Poway, CA.

8.      Defendant Credit Plus, Inc. ("Credit Plus") is a consumer reporting agency and a reseller of credit information that regularly conducts business in the District of New Jersey, and which has a place of business located at 31550 Winterplace Parkway, Salisbury, MD.

## FACTUAL ALLEGATIONS

9.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least June 2012 through present.  The inaccurate information includes

derogatory tradelines, including, but not limited to a Chapter 7 Bankruptcy and derogatory accounts, as well as identifying personal information.

10.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/ or tradelines that do not belong to the Plaintiff and that actually belong to at least one other consumer.  Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.  Defendants have repeatedly published and disseminated consumer reports to such third parties from at least June 2012 through the present.

12.     Plaintiff's credit report and file has been obtained from Defendants and has been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown.  Plaintiff's credit reports have been obtained from Defendant by such third parties from at least June 2012 through the present.

13.     EMS, Credco and Credit Plus, in their capacity as consumer reporting agencies and resellers of consumer information, obtain consumer credit information secondarily from Experian and the other two major credit reporting agencies.  The consumer credit information maintained for individual consumers by the three major credit reporting agencies consists of public records information, account information and other consumer information.  Once EMS,

Credco and Credit Plus receive the requested consumer credit information, they assemble and merge the information into EMS, Credco and Credit Plus consumer credit reports, which they then sell to third parties.

14.     In June 2013, EMS requested and obtained consumer credit information about the Plaintiff from Trans Union, LLC and Equifax Information Services LLC.  Neither Trans Union, nor Equifax, provided any indication or information about a bankruptcy in response to EMS' request for Plaintiff's information.

15.     In June 2013, EMS also requested and obtained consumer credit information about the Plaintiff from Experian.  Based on information and belief, Experian was the only one of the major credit reporting that reported a bankruptcy on Plaintiff's consumer credit report and that included the bankruptcy in Plaintiff's consumer credit file. EMS included a bankruptcy obtained from Experian when it created its consumer report about the Plaintiff.

16.     In January 2014 and March 2014, Credco requested and obtained consumer credit information about the Plaintiff from Trans Union, LLC and Equifax Information Services LLC. Neither Trans Union, nor Equifax, provided any indication or information about a bankruptcy in response to Credco's request for Plaintiff's information.

17.     In January 2014 and March 2014, Credo also requested and obtained consumer credit information about the Plaintiff from Experian.  Based on information and belief, Experian was the only one of the major credit reporting that reported a bankruptcy on Plaintiff's consumer credit report and that included the bankruptcy in Plaintiff's consumer credit file. Credco included a bankruptcy obtained from Experian when it created its consumer report about the Plaintiff.

18.     In June 2012, Credit Plus requested and obtained consumer credit information about the Plaintiff from Trans Union, LLC and Equifax Information Services LLC.  Neither

Trans Union, nor Equifax, provided any indication or information about a bankruptcy in response to Credit Plus' request for Plaintiff's information.

19.     Prior to sale of their consumer reports about Plaintiff, EMS, Credco and Credit Plus did nothing to reconcile the inconsistent reporting of a bankruptcy by the three major credit reporting agencies.

20.     Additionally, EMS, Credco and Credit Plus did nothing to investigate the conflicting information received from the three major credit bureaus about the bankruptcy.

21.     Notwithstanding the inconsistent reporting of the unpaid judgment from the three major credit reporting agencies, EMS, Credco and Credit Plus sold consumer credit reports about the Plaintiff that included the bankruptcy.

22.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

23.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24.     At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT I –VIOLATIONS OF THE FCRA
### (Plaintiff v. Experian)

13.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.     At all times pertinent hereto, Experian was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

## COUNT II–VIOLATIONS OF THE FCRA
### (Plaintiff v. EMS, Credco and Credit Plus)

30.     At all times pertinent hereto, EMS, Credco and Credit Plus were each a "person," a "consumer reporting agency," and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(u), respectively.

31.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, EMS, Credco and Credit Plus are liable to the Plaintiff for negligently and willfully failing to employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

34.     The conduct of EMS, Credco and Credit Plus was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the

Plaintiff that are outlined more fully above and, as a result, EMS, Credco and Credit Plus are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

35.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

        (a)     Actual damages;

        (b)     Statutory damages;

        (c)     Punitive damages;

        (d)     Costs and reasonable attorney's fees; and

        (e)     Other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Soumilas as trial counsel in the above-captioned matter.  Plaintiff reserves the right to amend this designation as necessary.

## <u>ARBITRATION CERTIFICATION</u>

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     _/s/ Mark D. Mailman_____
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: June 10, 2014                     *Attorneys for Plaintiff*